**WINDHAM COUNTY, MARCH TERM, A. D. 1791.**

ORR v. HANCOCK.

If the condition of a mortgage is to indemnify against being surety for the mortgagor, and a sum in certain is mentioned, be the debts more or less for which he is surety — the mortgagor will be holden to pay for all the debts for which the mortgagee was surety, be they more or less.

PETITION in chancery to foreclose the equity of redemption in an estate mortgaged, to him by Gen. Palmer, which was afterwards taken by execution to satisfy a debt due to Gov. Hancock. At the time of taking said mortgage Gen. Palmer was indebted to Orr for orders drawn in his favor, and for his being surety for him to a considerable sum, supposed to be £300, and to secure Orr, against these debts, the mortgage was given; and in the condition of said mortgage, the sum of £300 is mentioned be the debts for which he was surety more or less. Orr proved that the debts secured by him for said Palmer, at that time, were £568, and that those debts were the object of the mortgage, although the sum of £300 only was expressed.

The court decreed — That Hancock should pay to the petitioner the sum of £568 by, etc. or be foreclosed of his equity of redemption.

BARKER v. WALES.

A creditor to an insolvent estate cannot be a commissioner.

APPEAL from an order of the Court of Probate in appointing commissioners and accepting their report on the estate of Nathaniel Wales, Esq.

Reasons for appealing were — That one of the commissioners was a creditor to said estate and had a large sum allowed him; and that said commissioners had disallowed a just claim of said Barker, due by note.

Upon the first reason, which was admitted to be true, the commission and all proceedings in the Court of Probate upon it, were set aside. It is of importance to creditors, that judicious and disinterested men be appointed commissioners; as their doings are final and conclusive, as to the creditors, where their claims are disallowed by them.